UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------:
UNITED STATES OF AMERICA,      :    15 Civ. 5855 (JCF)
                               :
                Plaintiff,     :    MEMORANDUM
                               :    AND ORDER
        - against -            :
                               :
ACCOLADE CONSTRUCTION GROUP, INC., :
                               :
                Defendant.     :
------------------------------:

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/23/17

The United States of America (the "Government") brings this action on behalf of the Administrator of the Environmental Protection Agency (the "EPA") against Accolade Construction Group, Inc. ("Accolade"), alleging violations of the Toxic Substances Control Act (the "TSCA"), 15 U.S.C. § 2601 et seq., and EPA regulations codified at 40 C.F.R. pt. 745, subpart E (the "Renovation, Repair, and Painting Rule" or the "RRP Rule"). Specifically, the Government asserts that Accolade engaged in renovation of residential buildings and did not comply with requirements to hire renovators trained and certified in lead-safe renovation practices, seal off work areas to prevent lead contamination, warn building owners and occupants of the risks of lead exposure from the renovations, or provide the EPA with required records to enable the agency to monitor Accolade's compliance. (Complaint ("Compl."), ¶ 1). As relief, the

Government seeks (1) an order restraining Accolade from performing any renovation work until it can demonstrate compliance with the TSCA and the RRP Rule, (2) an injunction compelling Accolade to comply with the TSCA and the RRP Rule, and (3) an order requiring Accolade to disgorge all proceeds from its illegal conduct, together with interest. (Compl. at 18, ii-iv).[1]

The Government now moves to strike Accolade's demand that this case be tried before a jury. The motion is granted.

Discussion

This is a case of first impression, as the parties have identified no case addressing the right to a jury trial in a TSCA case, and I am aware of none. The statute itself is silent on the right to a jury, so if such a right exists, it must be derived from the Seventh Amendment to the United States Constitution. The Seventh Amendment provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." This Amendment protects the fundamental right to a jury trial for actions at law, not actions in equity. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989); Soley v. Wasserman, No. 08 Civ. 9262, 2013 WL 1655989, at *1 (S.D.N.Y. April 17, 2013); Maersk, Inc. v. Neewra, Inc., 687

---

[1] The parties consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).

F. Supp. 2d 300, 338 (S.D.N.Y. 2009). Therefore, a two-step analysis is necessary to determine whether the jury right attaches. First, "the court must consider whether the action would have been deemed legal or equitable in 18th-century England before the merger of courts of law and equity." Maersk, 687 F. Supp. 2d at 338. Then, it must "examine the remedy sought and determine whether it is legal or equitable in nature." Granfinanciera, 492 U.S. at 42 (quoting Tull v. United States, 481 U.S. 412, 417-18 (1987)). The second, functional prong of the test weighs more heavily than the first, historical inquiry. Id.; Tull, 481 U.S. at 421.

Actions under modern statutes often have no precise parallel in 18th-century English law. See Pernell v. Southall Realty, 416 U.S. 363, 375 (1974) (finding that Seventh Amendment may require "trial by jury in actions unheard of at common law"). Nevertheless, the closest historical antecedent to an action under the TSCA appears to be a suit to abate a public nuisance. In particular, in the 18th century, the sovereign could bring an action in the English courts of equity "to enjoin 'offensive trades and manufactures' that polluted the environment." Tull, 481 U.S. at 420 (quoting 4 William Blackstone, Commentaries *167). An action by the Government under the TSCA to enjoin renovation work that threatens the release of hazardous lead is a relatively close analogy.

3

More importantly, the monetary remedy sought by the Government -- disgorgement -- is equitable in nature. The TSCA provides district courts with jurisdiction over civil actions "to . . . restrain any violation of" relevant provisions of the TSCA and related regulations. 15 U.S.C. § 2616(a)(1). When Congress thus invokes the federal courts' equity jurisdiction in a statute, "all the inherent equitable powers of the [courts] are available for the proper and complete exercise of that jurisdiction" except where the statute restricts the forms of equitable relief by "clear and valid legislative command" or "necessary and inescapable inference." Porter v. Warner Holding Co., 328 U.S. 395, 398 (1946). "When Congress entrusts to an equity court the enforcement of prohibitions contained in a regulatory enactment, it must be taken to have acted cognizant of the historic power of equity to provide complete relief in the light of statutory purposes." Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 291-92 (1960). Relief ancillary to the equitable power to enjoin statutory and regulatory violations includes the remedy of disgorgement. See FTC v. Bronson Partners, LLC, 654 F.3d 359, 365-66 (2d Cir. 2011) (finding disgorgement available as ancillary relief under Federal Trade Commission Act); United States v. Rx Depot, Inc., 438 F.3d 1052, 1058 (10th Cir. 2006) (same as to Food, Drug, and Cosmetic Act); SEC v. Materia, 745 F.2d 197, 200-01 (2d Cir. 1984) (same as to

4

Securities Exchange Act of 1934).

Thus, although disgorgement of profits under the TSCA involves the payment of money, it is nevertheless equitable in nature. See SEC v. Cavanagh, 445 F.3d 105, 117 (2d Cir. 2006) ("The emphasis [of disgorgement] on public protection, as opposed to simple compensatory relief, illustrates the equitable nature of the remedy."). Accordingly, the Seventh Amendment does not provide for the right to a jury trial. See Bronson Partners, 654 F.3d at 374 (finding disgorgement remedy "permissible without a jury trial"); SEC v. Tome, 833 F.2d 1086, 1096 n.7 (2d Cir. 1987) ("[T]he Seventh Amendment right to a jury trial does not apply to [] equitable actions for disgorgement."); SEC v. Amerindo Investment Advisors Inc., No. 05 Civ. 5231, 2014 WL 2112032, at *8 (S.D.N.Y. May 6, 2014) ("Disgorgement is an equitable remedy and the findings underlying a disgorgement order are made by a court, not a jury."); Chevron Corp. v. Donziger, No. 11 Civ. 691, 2013 WL 5526287, at *3 (S.D.N.Y. Oct. 7, 2013) ("Cases seeking only injunctions, imposition of constructive trusts, and disgorgement . . . are purely equitable and carry no right to trial by jury.").[2]

---

[2] In SEC v. Kokesh, 834 F.3d 1158 (10th Cir. 2016), the Tenth Circuit held that disgorgement is not a "civil fine, penalty, or forfeiture" in relation to the statute of limitations for suits seeking such remedies. Id. at 1164-67. That case is now under review by the Supreme Court. Kokesh v. SEC, 137 S. Ct. 810 (2017) (mem.) (granting certiorari). Were the Supreme Court to render a

5

Of course, if the Government were seeking legal as well as equitable relief in this case, the calculus might be different. The TSCA does provide for the award of civil penalties in an administrative proceeding. 15 U.S.C. § 2615. However, whether the jury right attaches turns on the claims asserted in this litigation, where the Government seeks only equitable and injunctive remedies. Indeed, even a party that has once asserted legal claims in a lawsuit can avoid a jury trial by abandoning those claims and seeking only equitable relief. See Chevron, 2013 WL 5526287, at *1-2.

Accolade does not seriously dispute any of these principles. Rather, it argues that, as a practical matter, the Government is seeking extensive monetary relief that can only be characterized as damages or as a civil penalty, thus triggering the right to a jury trial. (Memorandum in Opposition to Plaintiff's Motion to Strike Defendant's Jury Demand ("Def. Memo.") at 2-3, 10).[3] In particular, Accolade contends that the Government seeks disgorgement not only of those profits attributable to work that might have been done in violation of the TSCA and the RRP Rule but

---

decision that casts doubt on the reasoning here, I would entertain an application for reconsideration.

[3] Because Accolade's brief is not paginated, all references are to the page numbers assigned by the Court's Electronic Case Filing system.

also profits from work unrelated to lead hazards, such as installing new cabinets, mirrors, and wood flooring. (Def. Memo. at 8-9 & n.1). Furthermore, according to Accolade, the Government's proposed remedy is punitive because it improperly understates Accolade's overhead, thereby inflating the profit to be disgorged. (Def. Memo. at 9-10).

This argument is premature. The Government's request for equitable relief only is binding. That means that Accolade is not entitled to trial by jury. It also means that Accolade will have the opportunity to challenge the Government's proof as to what constitutes the appropriate disgorgement amount, but that will take place at trial.

Conclusion

For the reasons discussed, the Government's motion to strike the defendant's jury demand (Docket no. 54) is granted.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
May 23, 2017

Copies transmitted this date:

Robert William Yalen, Esq.
Sharanya Mohan, Esq.
Monica P. Folch, Esq.
Assistant U.S. Attorneys
86 Chambers St., 3rd Floor
New York, NY 10007

Ira B. Pollack, Esq.
Law Office of Ira B. Pollack & Associates, PLLC
118-35 Queens Boulevard, 9th Fl.
Forest Hills, NY 11375