UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

             Plaintiff,

      v.

ACCOLADE CONSTRUCTION GROUP INC.,

         Defendant.

Case No. 15 Civ. 5855 (JCF)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/17
```

**CONSENT DECREE**

## TABLE OF CONTENTS

I.       RECITALS ........................................................................................................... 1
II.      JURISDICTION AND VENUE ......................................................................... 2
III.     ADMISSIONS ..................................................................................................... 2
IV.      APPLICABILITY ............................................................................................... 3
V.       DEFINITIONS .................................................................................................... 4
VI.      GENERAL PROVISIONS ................................................................................. 6
VII.     INJUNCTIVE RELIEF ...................................................................................... 7
VIII.    REPORTING REQUIREMENTS ................................................................... 13
IX.      DISGORGEMENT ........................................................................................... 15
X.       STIPULATED PENALTIES ............................................................................ 16
XI.      FORCE MAJEURE .......................................................................................... 19
XII.     DISPUTE RESOLUTION ................................................................................ 21
XIII.    INFORMATION COLLECTION AND RETENTION ................................... 24
XIV.     COSTS ............................................................................................................... 26
XV.      NOTICES ........................................................................................................... 27
XVI.     EFFECTIVE DATE ........................................................................................... 28
XVII.    RETENTION OF JURISDICTION .................................................................. 29
XVIII.   MODIFICATION .............................................................................................. 29
XIX.     TERMINATION ................................................................................................ 29
XX.      PUBLIC PARTICIPATION ............................................................................. 30
XXI.     SIGNATORIES/SERVICE ............................................................................... 30
XXII.    INTEGRATION ................................................................................................ 31
XXIII.   FINAL JUDGMENT ......................................................................................... 31

# I.   RECITALS

WHEREAS, Plaintiff the United States of America (the "United States"), on behalf of the Environmental Protection Agency ("EPA"), filed a Complaint against Defendant Accolade Construction Group Inc. ("Accolade" or "Defendant"), alleging that Accolade repeatedly violated the Toxic Substances Control Act ("TSCA") and related regulations promulgated by the EPA and codified at 40 C.F.R. Part 745, Subpart E (the "Renovation, Repair, and Painting Rule" or "RRP Rule");

WHEREAS, the Complaint requests that the Court (1) enter an order restraining Accolade from performing any renovation work subject to TSCA and the RRP Rule until it can demonstrate compliance with TSCA and the RRP Rule; (2) enter a permanent injunction compelling Accolade to comply with TSCA and the RRP Rule; and (3) order Accolade to disgorge all proceeds from the conduct alleged in this complaint, together with prejudgment interest thereon;

WHEREAS, Faisal Ahmed, the sole owner of Accolade, agrees to join this Consent Decree in his personal capacity ("Ahmed" and, collectively with Accolade, the "Settling Accolade Parties," as described more particularly below);

WHEREAS, the Parties agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the claims asserted by the United States under TSCA against Accolade as specifically set forth in the Complaint; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the claims asserted by the United States under TSCA against Accolade as specifically set forth in the Complaint and that this Consent Decree is fair, reasonable, and consistent with the public interest;

1

NOW, THEREFORE, with the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## II.    JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and Section 17 of TSCA, 15 U.S.C. § 2616.

2.      Venue is proper in the Southern District of New York pursuant to 15 U.S.C. § 2616(a)(2) and 28 U.S.C. §§ 1391(b) and (c) and 1395(a) because the events giving rise to the claims in the Complaint arose in this district and because Accolade resides and has its principal place of business in this district.

3.      For purposes of this Consent Decree, or any action or proceeding to enforce this Consent Decree, the Settling Accolade Parties consent to venue in the Southern District of New York and to this Court's jurisdiction over this Consent Decree, over any such action or proceeding, and over the Settling Accolade Parties.

4.      For purposes of this Consent Decree, the Settling Accolade Parties agree that the Complaint states claims against Accolade upon which relief may be granted.

## III.    ADMISSIONS

5.      The Settling Accolade Parties admit, acknowledge and accept responsibility for the following:

    a.      Accolade was the general contractor for renovation work at the six New York City apartment buildings identified in the Complaint between 2013-2014.

    b.      Accolade was compensated for the renovation work it performed at each of these apartment buildings.

    c.      Each of these apartment buildings was built before 1978 and is covered by TSCA and the RRP Rule.

d.    In connection with its renovation work at each of those six apartment buildings, Accolade failed to do the following:

- have a certified renovator direct the renovations;

- ensure that all other persons performing the renovations received training on lead-safe work practices;

- post warning signs defining the work areas and cautioning occupants and other persons to keep out;

- provide an EPA pamphlet on lead hazards, *The Lead-Safe Certified Guide to Renovate Right: Important Lead Hazard Information for Families, Child Care Providers, and Schools*, to the owner of the units being renovated;

- contain the renovation work areas to minimize the risk of lead exposure;

- clean the work areas after the renovations were completed to ensure that no dust, debris, or residue remained in those areas; and

- make available to EPA the records necessary to demonstrate Accolade's compliance with the RRP Rule.

e.    As a result, Accolade violated the RRP Rule and, consequently, TSCA.

## IV.   APPLICABILITY

6.    The obligations of this Consent Decree apply to and are binding upon the United States, and upon the Settling Accolade Parties, and any successors, assigns, or other entities or persons otherwise bound by law.

7.    No transfer of ownership or operation of Accolade, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve the Settling Accolade Parties of their obligation to ensure that the terms of the Decree are implemented.  At least 30 Days prior to such transfer, the Settling Accolade Parties shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA Region 2, the United States

Attorney for the Southern District of New York, and the United States Department of Justice, in

accordance with Section XV (Notices).  Any attempt to transfer ownership or operation of

Accolade without complying with this Paragraph constitutes a violation of this Decree.

8.      The Settling Accolade Parties shall provide a copy of this Consent Decree to all

officers, employees, and agents whose duties might reasonably include compliance with any

provision of this Decree, as well as to any contractor or subcontractor retained to perform work

required under this Consent Decree.  The Settling Accolade Parties shall condition any such

contract upon performance of the work in conformity with the terms of this Consent Decree.

9.      In any action to enforce this Consent Decree, the Settling Accolade Parties shall

not raise as a defense the failure by any of their officers, directors, employees, agents,

contractors or subcontractors to take any actions necessary to comply with the provisions of this

Consent Decree.

## V.    DEFINITIONS

10.      Terms used in this Consent Decree that are defined in TSCA or the RRP Rule

shall have the meanings assigned to them in TSCA or the RRP Rule, unless otherwise provided

in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the

following definitions shall apply:

a.      "Certified Contractor" means a contractor who has been certified as a firm
in accordance with 40 C.F.R § 745.89 and whose certification is in effect
throughout his/her involvement with a Renovation.

b.      "Certified Firm" means a Firm that has been certified in accordance with
40 C.F.R § 745.89 and whose certification is in effect throughout the time
of his/her involvement with a Renovation.

c.      "Certified Renovator" means a Renovator who has been certified in
accordance with 40 C.F.R. § 745.90(a).

d. "Certified Subcontractor" means a Subcontractor that has been certified as a firm in accordance with 40 C.F.R § 745.89 and whose certification is current throughout his/her involvement with a Renovation.

e. "Child-Occupied Facility" has the same meaning as set forth in 40 C.F.R. § 745.83.

f. "Complaint" shall mean the complaint filed by the United States in this action.

g. "Consent Decree" or "Decree" shall mean this Decree.

h. "Contractor" or "Subcontractor" means a Firm that enters into a written agreement with the Settling Accolade Parties for such Firm to perform any portion of work that constitutes Renovation.

i. "Covered Work Site" shall mean Target Housing or Child-Occupied Facility.

j. "Date of Lodging" shall mean the date this Consent Decree is filed for lodging with the Clerk of the Court for the United States District Court for the Southern District of New York.

k. "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

l.  "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies.

m. "Effective Date" shall have the definition provided in Section XVI.

n. "Firm" has the same meaning as set forth in 40 C.F.R. § 745.83.

o. "Interest" means interest pursuant to 28 U.S.C. § 1961.

p. "Pamphlet" has the same meaning as set forth in 40 C.F.R. § 745.83.

q. "Paragraph" shall mean a portion of this Decree identified by an arabic numeral.

r. "Parties" shall mean the United States and Defendant.

s. "Perform," in regard to Renovation, shall mean conduct any work that falls into the definition of Renovation, enter into a contract or otherwise agree to conduct or oversee Renovation, or direct, order, or otherwise cause Renovation to take place, including by hiring a Contractor or Subcontractor to do some or all work that constitutes a Renovation.

t. "Renovator" has the same meaning as set forth in 40 C.F.R. § 745.83.

u.  "Renovation" has the same meaning as set forth in 40 C.F.R. § 745.83.

v.  "Section" shall mean a portion of this Decree identified by a roman numeral.

w.  "Settling Accolade Parties" shall mean Accolade Construction Group Inc., Faisal Ahmed, and/or any of their agents, successors, alter egos, affiliates, or any firms owned or controlled by them.

x.  "Target Housing" has the same meaning as set forth in 40 C.F.R. § 745.103.

y.  "United States" shall mean the United States of America, acting on behalf of EPA.

## VI.  GENERAL PROVISIONS

11.  This Consent Decree resolves any claims of the United States against Accolade or Ahmed for the violations of TSCA alleged in the Complaint through the Date of Lodging.

12.  The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.

13.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under TSCA or its implementing regulations, or under other federal laws or regulations, except as to the claims described in Paragraph 11.  The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the Settling Accolade Parties' conduct, whether related to the claims described in Paragraph 11 or otherwise.

14.  In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Settling Accolade Parties' violations, the Settling Accolade Parties shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue

preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in this case, except with respect to claims that have been specifically resolved pursuant to Paragraph 11.

15. This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations. The Settling Accolade Parties are responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits, and the Settling Accolade Parties' compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that the Settling Accolade Parties' compliance with any aspect of this Consent Decree will result in compliance with provisions of TSCA or with any other provisions of federal, state, or local laws, regulations, or permits.

16. This Consent Decree does not limit or affect the rights of the Settling Accolade Parties or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against the Settling Accolade Parties, except as otherwise provided by law.

17. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## VII.    INJUNCTIVE RELIEF

18. The Settling Accolade Parties shall not Perform Renovation at a Covered Work Site until 30 days after notifying EPA in writing via email pursuant to Paragraph 75 that the following have been accomplished:

a.   Accolade shall apply for and obtain RRP Firm Certification as set forth in 40 C.F.R. § 745.89;

b.   Ahmed shall attend an accredited training program and become certified as a Certified Renovator as set forth in 40 C.F.R. § 745.90(a); and

c.   The Settling Accolade Parties shall take steps necessary to implement processes to ensure compliance with the procedures described in Paragraphs 21 to 33 below.

The notification to EPA shall include supporting documents to demonstrate satisfaction of the requirements of this Paragraph. The Settling Accolade Parties shall submit copies of the Firm certificate and the Renovator's certificate to demonstrate satisfaction of subparagraphs (a) and (b). To demonstrate satisfaction of subparagraph (c), the Settling Accolade Parties shall submit a compliance plan describing in detail the planned implementation of compliance with Paragraphs 21 to 33 of this Consent Decree at any Covered Work Site.

19.   After satisfying paragraph 18, the Settling Accolade Parties may resume Performing Renovations at Covered Work Sites. Before Performing any such Renovation, the Settling Accolade Parties shall notify EPA in writing via e-mail pursuant to Paragraph 75 of such upcoming Renovation at least 14 Days before beginning the Renovation. The notification to EPA of a Renovation shall include, at a minimum: (a) the location of the Covered Work Site (the address) and the areas to be renovated (*e.g.*, apartment number(s), common area(s), exterior); (b) the character of the Covered Work Site (*e.g.*, single family domicile, multi-family apartment building, school building); (c) whether the Covered Work Site will be occupied at the time of the Renovation; (d) whether children reside at or frequent the Covered Work Site when not under Renovation; (e) the scope of work to be Performed; (f) the full name, address, and telephone number of each Contractor and/or Subcontractor working on the Renovation, (g) the full name, address and telephone number of the individual who will be the on-site Certified Renovator for

the work and a copy of his/her Renovator certificate, (h) the name, address, and telephone number of the Covered Work Site's owner or agent; (i) the scheduled dates of work; and (j) any test results supporting an exemption pursuant to 40 C.F.R. § 745.86(b)(1). Additionally, the notification will state that the Settling Accolade Parties authorize EPA to inspect and take samples at the Covered Work Site while the Renovation is occurring and will take all reasonable steps to secure access for EPA from the Covered Work Site's owner(s). If a Renovation-related change/modification (*e.g.* change of Certified Renovator, scope of work, dates of work) becomes necessary, the Settling Accolade Parties must either update their original notification to EPA for that Covered Work Site or send EPA a new notification promptly.

20.     The Settling Accolade Parties shall comply with all of the provisions of this Decree and the applicable requirements of Sections 402(c) and 406(b) of TSCA and their implementing regulations at 40 C.F.R. Part 745 for all Renovations they Perform at a Covered Work Site, including but not limited to the following Paragraphs 21 to 33.

21.     <u>RRP Firm Certification</u>. Prior to Performing any Renovation at a Covered Work Site, Accolade or any other firm owned or controlled by Ahmed that Performs Renovations at a Covered Work Site shall apply for, retain, and timely renew RRP Firm Certification as set forth in 40 C.F.R. § 745.89.

22.     <u>Certified Renovator</u>. The Settling Accolade Parties shall ensure that a Certified Renovator is present at all Renovations they Perform at a Covered Work Site and provides training to workers on the work practices required by 745.85(a) that they will be using in performing their assigned tasks.

23.     <u>Use of Certified Contractors and Certified Subcontractors</u>. Only Certified Contractors and Certified Subcontractors shall be retained for work on any Renovation the

Settling Accolade Parties Perform.  The Settling Accolade Parties shall enter into written contracts, to include detailed scopes of work, with Contractors and Subcontractors for all Renovations they Perform at a Covered Work Site.  Such contracts shall include copies of the RRP Rule and the renovation checklist found in Appendix A (the "Renovation Checklist"). Regardless of any provision of any such contract, the Settling Accolade Parties will be responsible for any RRP violation(s) during any Renovation they Perform at a Covered Work Site.

24.     <u>Use of Renovation Checklist</u>.  The Settling Accolade Parties shall use, and shall instruct any Contractors or Subcontractors they hire to use, the Renovation Checklist when Performing Renovations at a Covered Work Site. To the extent that the Settling Accolade Parties hire Contractors or Subcontractors to do any portion of any Renovation, the Settling Accolade Parties shall require each such entity to demonstrate that it has complied or is complying with RRP Requirements and to submit records, including a completed Renovation Checklist, demonstrating compliance at the end of its work.  Regardless of the provision of any contract between the Settling Accolade Parties and its Contractors or Subcontractors, the Settling Accolade Parties are responsible for the completion of the Renovation Checklist by its Contractors or Subcontractors for each Renovation at a Covered Work Site.

25.     <u>Information Distribution Requirements.</u>

a.      <u>*Renovations in dwelling units*</u>.  No more than 60 Days before beginning Renovation in any residential dwelling unit at Target Housing, the Settling Accolade Parties must provide the owner of the unit with the Pamphlet and either obtain written acknowledgment of receipt from the owner or obtain a certificate of mailing at least 7 Days prior to the renovation.  In addition to the above, if the owner does not occupy the dwelling, then the Settling Accolade Parties must provide a Pamphlet to an adult occupant of the dwelling and get either a written acknowledgment from that occupant or obtain a certificate of mailing at least 7 Days prior to the Renovation.

b.  *Renovations in common areas.*  No more than 60 Days before the beginning of Renovation activities in common areas of multi-unit Target Housing, the Settling Accolade Parties must provide the owner of the Target Housing with the Pamphlet and either obtain a written acknowledgment from the owner or obtain a certificate of mailing 7 Days prior to the renovation.  In addition, the Settling Accolade Parties must notify in writing or ensure written notification of each affected unit and make the Pamphlet available upon request prior to the Renovation.   The above notice shall describe the general nature and location of the renovation, include starting and ending dates and how the occupant can obtain the pamphlet.  If there are any changes to the location, scope, or expected starting and ending dates, the Settling Accolade Parties must provide updates to the owner and occupants as set forth above.

c.  *Renovations in Child-Occupied Facilities.*  No more than 60 Days before beginning any renovation in any Child-Occupied Facility, the Settling Accolade Parties must provide the owner of the building with the Pamphlet and either obtain a written acknowledgment from the owner or obtain a certificate of mailing 7 Days prior to the renovation.   If the owner of the child-occupied facility is not the owner of the building, also provide an adult representative of the child occupied facility with the Pamphlet (or certify in writing that a Pamphlet was delivered to the facility) and either obtain written acknowledgment of receipt or obtain a certificate of mailing at least 7 Days prior to the renovation. In addition, the Settling Accolade Parties must provide parents and guardians using the child-occupied facility with the Pamphlet, and general information about the Renovation including the nature of the renovation, location, and anticipated starting and ending dates.   The Pamphlet and Renovation information must be either hand-delivered or mailed to each parent or guardian.

d.  The Settling Accolade Parties shall retain records demonstrating compliance with Paragraph 25 in accordance with the regulations set forth at 40 C.F.R. § 745.84 and Paragraph 32 (Maintaining and Producing Records).

26.  <u>Posting Signs</u>.  The Settling Accolade Parties shall post or cause to have posted informational signs pursuant to 40 C.F.R. §§ 745.84(b)(2)(ii) or (c)(2)(ii) and warning signs pursuant to § 745.85(a)(1) at any Renovation they Perform at a Covered Work Site.

27.  <u>Covering Windows and Doors</u>.  The Settling Accolade Parties shall contain or cause to be contained the work area by covering windows and doors with plastic sheeting or

11

other impermeable material pursuant to 40 C.F.R. § 745.85(a)(2)(i)(C) at any Renovation they Perform at a Covered Work Site.

28.     Covering the Floor Surface.  The Settling Accolade Parties shall cover or cause to be covered the floor surface with plastic sheeting or other impermeable material pursuant to 40 C.F.R. § 745.85(a)(2)(i)(D) at any Renovation they Perform at a Covered Work Site.

29.     Containing the Work Area.  The Settling Accolade Parties shall contain or cause to be contained the work area before starting any Renovation by isolating the work area so that no dust or debris leaves the work area while the Renovation is being performed pursuant to 40 C.F.R. § 745.85(a)(2) at any Renovation they Perform at a Covered Work Site.

30.     Containing the Waste from Renovation.  The Settling Accolade Parties shall contain or cause to be contained the waste from Renovation to prevent releases of dust and debris before the waste is removed from the work area for storage or disposal pursuant to 40 C.F.R. § 745.85(a)(4)(i) at any Renovation they Perform at a Covered Work Site.

31.     Performing Post-Renovation Clean Up.  The Settling Accolade Parties shall, after a Renovation has been completed, clean or cause to be cleaned the work area until no dust debris or residue remains pursuant to 40 C.F.R. § 745.85(a)(5) at any Renovation they Perform at a Covered Work Site.

32.     Maintaining and Producing Records.  The Settling Accolade Parties shall retain at a central location and, if requested, make available to EPA and/or the United States all records necessary to demonstrate compliance with the RRP Rule and with the provisions of this Consent Decree for any Renovation Performed.  Such records shall include, but not be limited to, copies of all contracts for Renovations Performed at a Covered Work Site, Renovation Checklists, certifications that topic-specific training was provided to workers, and documents reflecting RRP

12

Rule compliance by the Settling Accolade Parties, Contractors and Subcontractors. The Settling

Accolade Parties shall maintain those records for three (3) years after the termination of the

Consent Decree.

    33.    <u>Lead-Free Housing</u>. To the extent that a Renovation is to be Performed at a

Covered Work Site that falls within the exceptions set forth in 40 C.F.R. § 745.82(a)(1)-(3), the

requirements of Paragraphs 21-23 and 25-32 of this Decree do not apply; provided, however, that

the Settling Accolade Parties must maintain records supporting its determination, as set forth in

40 C.F.R. §745.86(b)(1), for a period of three (3) years after the termination of the Consent

Decree. Where such determination is pursuant to 40 C.F.R. § 745.82(a)(2), such records must

include but are not limited to (1) a map of the Covered Work Site indicating where testing was

done; (2) the type of test(s) used; and (3) color photographs of each completed test kit, labelled

to indicate the location in the Covered Work Site where the test kit was used.

## VIII.    REPORTING REQUIREMENTS

    34.    <u>Annual Reporting</u>. By January 31st of each year after the Effective Date of this

Consent Decree, the Settling Accolade Parties shall submit by letter an annual report for the

preceding calendar year that shall include a list of all Renovations at Covered Work Sites that

any Settling Accolade Party Performed in the preceding year. For each completed Renovation,

the report shall include either (1) a certification that a determination had been made that lead-

based paint was not present on the components affected by the Renovation, records to support

such a determination, as described in 40 C.F.R. §745.86(b)(1) and Paragraph 33 of the Consent

Decree, and a contemporaneously completed Renovation Checklist; or (2) all of the following:

(a) records reflecting delivery of the EPA pamphlet titled *The Lead-Safe Certified Guide to*

*Renovate Right: Important Lead Hazard Information for Families, Child Care Providers and*

*Schools*, as described in 40 C.F.R. §745.86(b)(2)-(5); (b) records demonstrating that the requirements of 40 C.F.R. §745.85 were followed, including the records set forth in 40 C.F.R. §745.86(6); (c) a description of the central location of such records as set forth in Paragraph 32; and (d) a contemporaneously completed Renovation Checklist.  To the extent that the Settling Accolade Parties did not Perform any Renovation at a Covered Work Site in the preceding calendar year, the report pursuant to this Paragraph shall so state.

35.     The annual report described in Paragraph 34 shall also include a description of any violation of the requirements of this Consent Decree or the RRP Rule and an explanation of the cause of the violation and of the remedial steps taken, or to be taken, to minimize the effects of such violation and to prevent further violations.  Nothing in this Paragraph or the following Paragraph relieves the Settling Accolade Parties of their obligation to provide the notice required by Section XI (Force Majeure).

36.     Report of Immediate Threat. Whenever any violation of this Consent Decree or the RRP Rule, or any other event affecting the Settling Accolade Parties' performance under this Decree, poses or may pose an immediate threat to the public health or welfare or the environment, the Settling Accolade Parties shall notify EPA orally or by email as soon as possible, but no later than 24 hours after any Settling Accolade Parties first knew of the violation or event.  This procedure is in addition to the requirements set forth in Paragraph 34 and any other Paragraph of this Consent Decree.

37.     All reports shall be submitted to the persons designated in Section XV (Notices).

38.     Each report submitted by the Settling Accolade Parties under this Section shall be signed by Ahmed in his personal capacity and on behalf of Accolade or any other firm owned

or controlled by Ahmed that performs Renovation at Covered Work Sites, and shall include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

39.     This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

40.     The reporting requirements of this Consent Decree do not relieve the Settling Accolade Parties of any reporting obligations under TSCA or its implementing regulations, or any other federal, state, or local law, regulation, permit, or other requirement.

41.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and otherwise as permitted by law.

## IX.    DISGORGEMENT

42.     The Settling Accolade Parties are jointly and severally liable for disgorgement of $58,000.00, pursuant to section 17(a)(1) of TSCA, 15 U.S.C. § 2616(a)(1), representing profits gained as a result of the conduct alleged in the Complaint (the "Funds"). The Settling Accolade

Parties shall transmit payment of the Funds to the United States within 30 Days of entry of the Consent Decree. Payment shall be made using https://www.pay.gov to the U.S. Department of Justice account, in accordance with instructions to be provided to the Settling Accolade Parties by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Southern District of New York. The payment instructions provided by the FLU shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.

43.     At the time of payment, the Settling Accolade Parties shall send notice that payment has been made to EPA in accordance with Section XV (Notices), and by email to EPA and DOJ at acctsreceivable.cinwd@epa.gov, EESCaseManagement.ENRD@usdoj.gov, monica.folch@usdoj.gov, and sharanya.mohan@usdoj.gov. Such notice shall reference the CDCS Number, and DJ Ref. No. 90-5-1-1-11139.

## X. STIPULATED PENALTIES

44.     The Settling Accolade Parties shall be jointly and severally liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section XI (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Decree, including any work plan or schedule approved under this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

45.     <u>Late Payment of Disgorgement Amount</u>. If the Settling Accolade Parties fail to pay the disgorgement required to be paid under Section IX (Disgorgement) when due, the Settling Accolade Parties shall pay a stipulated penalty of $500 per Day for each Day that the payment is late.

16

46.     Other Violations.

    a.     Subject to Paragraph 46(b), the following stipulated penalties shall accrue per violation per Day for each violation of Paragraph 7 and 18-38 of the Consent Decree:

| Period of Delay or Non-Compliance | Penalty Per Day |
|---|---|
| Days 1-10 | $1,000 |
| Days 11-20 | $2,000 |
| Days 21 and thereafter: | $3,000 |

    b.     For each of Paragraphs 25 and 32 of the Consent Decree, the total stipulated penalty shall not exceed $10,000 per building for each Renovation.

47.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

48.     The Settling Accolade Parties shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.  The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

49.     Stipulated penalties shall continue to accrue as provided in Paragraph 67, during any Dispute Resolution, but need not be paid until the following:

    a.     If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, the Settling Accolade Parties shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

17

b. If the dispute is appealed to the Court and the United States prevails in whole or in part, the Settling Accolade Parties shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c. If any of the Parties appeal the District Court's decision, the Settling Accolade Parties shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

50. The Settling Accolade Parties shall pay stipulated penalties owing to the United States in the manner set forth and with the confirmation notices required by Paragraph 43, except that the transmittal notice shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

51. If the Settling Accolade Parties fail to pay stipulated penalties according to the terms of this Consent Decree, the Settling Accolade Parties shall be liable for Interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for the Settling Accolade Parties' failure to pay any stipulated penalties.

52. The payment of penalties and Interest, if any, shall not alter in any way the Settling Accolade Parties' obligation to complete the performance of the requirements of this Consent Decree.

53. <u>Non-Exclusivity of Remedy</u>.  Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree.  Subject to the provisions of Section VI (General Provisions), the United States expressly reserves the right to seek any other relief it deems appropriate for the Settling Accolade Parties' violation of this Decree or applicable law,

18

including but not limited to an action against the Settling Accolade Parties for disgorgement, statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt.

54.     The Settling Accolade Parties shall not deduct any penalties paid under this Section in calculating their federal income tax.

## XI. FORCE MAJEURE

55.     "Force Majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of the Settling Accolade Parties, of any entity controlled by the Settling Accolade Parties, or of the Settling Accolade Parties' Contractors or Subcontractors, that delays or prevents the performance of any obligation under this Consent Decree despite the Settling Accolade Parties' best efforts to fulfill the obligation.  The requirement that the Settling Accolade Parties exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential Force Majeure event and best efforts to address the effects of any potential Force Majeure event (a) as it is occurring and (b) following the potential Force Majeure, such that the delay and any adverse effects of the delay are minimized.  "Force Majeure" does not include the Settling Accolade Parties' financial inability to perform any obligation under this Consent Decree.

56.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a Force Majeure event, the Settling Accolade Parties shall provide notice orally or by electronic or facsimile transmission to EPA, within 72 hours of when the Settling Accolade Parties first knew that the event might cause a delay.  Within seven days thereafter, the Settling Accolade Parties shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for

implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; the Settling Accolade Parties' rationale for attributing such delay to a Force Majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of the Settling Accolade Parties, such event may cause or contribute to an endangerment to public health, welfare or the environment. The Settling Accolade Parties shall include with any notice all available documentation supporting the claim that the delay was attributable to a Force Majeure. Failure to comply with the above requirements shall preclude the Settling Accolade Parties from asserting any claim of Force Majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. The Settling Accolade Parties shall be deemed to know of any circumstance of which the Settling Accolade Parties, any entity controlled by the Settling Accolade Parties, or the Settling Accolade Parties' Contractors or Subcontractors knew or should have known.

57. If EPA agrees that the delay or anticipated delay is attributable to a Force Majeure event, the time for performance of the obligations under this Consent Decree that are affected by the Force Majeure event will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the Force Majeure event shall not, of itself, extend the time for performance of any other obligation. EPA will notify the Settling Accolade Parties in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

58. If EPA does not agree that the delay or anticipated delay has been or will be caused by a Force Majeure event, EPA will notify the Settling Accolade Parties in writing of its decision.

59.     If the Settling Accolade Parties elect to invoke the dispute resolution procedures set forth in Section XII (Dispute Resolution), they shall do so no later than 15 days after receipt of EPA's notice.  In any such proceeding, the Settling Accolade Parties shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a Force Majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that the Settling Accolade Parties complied with the requirements of Paragraphs 56 and 57.  If the Settling Accolade Parties carry this burden, the delay at issue shall be deemed not to be a violation by the Settling Accolade Parties of the affected obligation of this Consent Decree identified to EPA and the Court.

## XII. DISPUTE RESOLUTION

60.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree.  The Settling Accolade Parties' failure to seek resolution of a dispute under this Section shall preclude the Settling Accolade Parties from raising any such issue as a defense to an action by the United States to enforce any obligation of the Settling Accolade Parties arising under this Decree.

61.     <u>Informal Dispute Resolution</u>.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when the Settling Accolade Parties send the United States a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement.  If the Parties cannot resolve a dispute by informal

negotiations, then the position advanced by the United States shall be considered binding unless, within 15 Days after the conclusion of the informal negotiation period, the Settling Accolade Parties invoke formal dispute resolution procedures as set forth below.

62.     Formal Dispute Resolution.  The Settling Accolade Parties shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting the Settling Accolade Parties' position and any supporting documentation relied upon by the Settling Accolade Parties.

63.     The United States shall serve its Statement of Position within 45 Days of receipt of the Settling Accolade Parties' Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position shall be binding on the Settling Accolade Parties, unless the Settling Accolade Parties file a motion for judicial review of the dispute in accordance with the following Paragraph.

64.     The Settling Accolade Parties may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XV (Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within ten Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph.  The motion shall contain a written statement of the Settling Accolade Parties' position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall

set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

65.      The United States shall respond to the Settling Accolade Parties' motion within the time period allowed by the Local Rules of this Court.  The Settling Accolade Parties may file a reply memorandum, to the extent permitted by the Local Rules.

66.      Standard of Review

      a.      <u>Disputes Concerning Matters Accorded Record Review</u>.  Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 64 pertaining to the adequacy of proposed measures to comply with the RRP Rule or any other items requiring approval by EPA under this Consent Decree; the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, the Settling Accolade Parties shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

      b.      <u>Other Disputes</u>.  Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 64, the Settling Accolade Parties shall bear the burden of demonstrating that its position complies with this Consent Decree and better further the objectives of the Consent Decree.

67. The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of the Settling Accolade Parties under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 49. If the Settling Accolade Parties do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section X (Stipulated Penalties).

68. Nothing in this Section requires the United States to pursue Dispute Resolution before seeking or obtaining an order compelling compliance with the Consent Decree.

## XIII. INFORMATION COLLECTION AND RETENTION

69. The United States and its representatives, including attorneys, contractors, and consultants, and any representative of the EPA, shall have the right of entry into any Covered Work Site or any location at which the Settling Accolade Parties are Performing Renovations or where Renovation records are kept, at all reasonable times, upon presentation of credentials, to:

a. monitor the progress of activities required under this Consent Decree;

b. verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

c. obtain samples and, upon request, splits of any samples taken by the Settling Accolade Parties or its representatives, contractors, or consultants;

d. conduct interviews, conduct inspections, obtain statements, obtain documentary evidence, including photographs and similar data; and

e. assess the Settling Accolade Parties' compliance with this Consent Decree.

To the extent that such right of entry to a Covered Work Site requires approval by the owner(s) of the Covered Work Site, the Settling Accolade Parties shall take all reasonable steps to obtain such approval prior to commencement of the Renovation.

70.     Until three years after the termination of this Consent Decree, the Settling Accolade Parties shall retain, and shall instruct its Contractors, Subcontractors, and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its Contractors', Subcontractors', or agents' possession or control, or that come into its or its Contractors', Subcontractors', or agents' possession or control, and that relate in any manner to the Settling Accolade Parties' performance of its obligations under this Consent Decree.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, the Settling Accolade Parties shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

71.     At the conclusion of the information-retention period provided in the preceding Paragraph, the Settling Accolade Parties shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, the Settling Accolade Parties shall deliver any such documents, records, or other information to EPA.  The Settling Accolade Parties may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law.  If the Settling Accolade Parties assert such a privilege, they shall provide the following:  (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the

25

Case 1:15-cv-05855-JCF  Document 70-1  Filed 08/11/17  Page 29 of 47

name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by the Settling Accolade Parties.  However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

72.     The Settling Accolade Parties may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 15 U.S.C. § 2613.  As to any information that the Settling Accolade Parties seek to protect as CBI, the Settling Accolade Parties shall follow the procedures set forth at 15 U.S.C. § 2613(c)(1) and 40 C.F.R. Part 2.

73.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States (including EPA) pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of the Settling Accolade Parties to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XIV. COSTS

74.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the disgorgement amount or any stipulated penalties due but not paid by the Settling Accolade Parties.

## XV. NOTICES

75.      Unless otherwise specified in this Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

As to the United States by email:      monica.folch@usdoj.gov
                                       sharanya.mohan@usdoj.gov and
                                       eescdcopy.enrd@usdoj.gov
                                       Re: DJ # 90-5-1-1-11139

As to the United States by mail:       Sharanya Mohan, AUSA
                                       U.S. Attorney's Office
                                       86 Chambers St., 3rd Floor
                                       New York, NY 10007
                                       Tel.:  (212) 637-2737

                                       EES Case Management Unit
                                       Environment and Natural Resources Division
                                       U.S. Department of Justice
                                       P.O. Box 7611
                                       Washington, D.C.  20044-7611
                                       Re: DJ # 90-5-1-1-11139

As to EPA by email:                    Pane.Vickie@EPA.gov
                                       Keith.Stuart@EPA.gov
                                       Re: U.S. v. Accolade Consent Decree

As to EPA by mail:                     Vickie Pane
                                       Regional Lead Coordinator
                                       US EPA Region 2
                                       2890 Woodbridge Avenue, MS 225
                                       Edison, NJ 08837-3679
                                       Tel: (732) 321-6667

                                       Stuart Keith
                                       Assistant Regional Counsel
                                       US EPA Region 2
                                       290 Broadway, 16th floor
                                       New York, NY 10007-1866
                                       Tel: (212) 637-3217

Case 1:15-cv-05855-JGF Document 70-1 Filed 06/11/17 Page 30 of 46

As to Defendant:                    Ira B. Pollack
                                    Ira B. Pollack & Associates, PLLC
                                    118-35 Queens Blvd., 9th Floor
                                    Forest Hills, NY 11375
                                    Tel.: (718) 261-7700
                                    ira.pollack@rhcrlaw.com

                                    Steve Coren
                                    Steve Coren Law Group PC
                                    225 Union Street
                                    Brooklyn, NY 11231
                                    Tel.: (212) 371-5800
                                    scoren@corenlawgroup.com

76.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

77.     Notices sent by mail shall be sent by Certified Mail or by a courier service, and Parties shall retain proof of mailing.

78.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XVI. EFFECTIVE DATE

79.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket, provided, however, that the Settling Accolade Parties hereby agree that they shall be bound to perform duties scheduled to occur prior to the Effective Date. In the event the United States withdraws or withholds consent to this Consent Decree before entry, or the Court declines to enter the Consent Decree, then the preceding requirement to perform duties scheduled to occur before the Effective Date shall terminate.

## XVII. RETENTION OF JURISDICTION

80.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Consent Decree or entering orders modifying this Consent Decree, pursuant to Sections XII and XVIII, or effectuating or enforcing compliance with the terms of this Decree.

## XVIII. MODIFICATION

81.    The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

82.    Any disputes concerning modification of this Decree shall be resolved pursuant to Section XII (Dispute Resolution); provided, however, that, instead of the burden of proof provided by Paragraph 66, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XIX. TERMINATION

83.    After the Settling Accolade Parties have maintained continuous satisfactory compliance with this Consent Decree for a period of five years, and have paid the disgorgement amount and any accrued stipulated penalties as required by this Consent Decree, the Settling Accolade Parties may serve upon the United States a Request for Termination, stating that the Settling Accolade Parties have satisfied those requirements, together with all necessary supporting documentation.

84.     Following receipt by the United States of the Settling Accolade Parties' Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether the Settling Accolade Parties have satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Consent Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Consent Decree.

85.     If the United States does not agree that the Decree may be terminated, the Settling Accolade Parties may invoke Dispute Resolution under Section XII.  However, the Settling Accolade Parties shall not seek Dispute Resolution of any dispute regarding termination until 30 Days after service of its Request for Termination.

## XX. PUBLIC PARTICIPATION

86.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. The Settling Accolade Parties consent to entry of this Consent Decree without further notice and agree not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified the Settling Accolade Parties in writing that it no longer supports entry of the Decree.

## XXI. SIGNATORIES/SERVICE

87.     Each undersigned representative of the Settling Accolade Parties and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and

conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

88.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  The Settling Accolade Parties agree to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.

## XXII. INTEGRATION

89.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

## XXIII. FINAL JUDGMENT

90.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and the Settling Accolade Parties.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED this 27th day of September, 2017:

James C. Francis IV

HON. JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

I find that the Consent Decree is
within the Court's authority and otherwise
in accordance with the law; that the
terms of the decree are clear; that the
decree reflects an ~~actual~~ resolution of
the actual claims in the Complaint;
that the settlement was the
result of arm's-length negotiation
between the parties; and that the
decree serves the public interest.

JCF

FOR THE UNITED STATES OF AMERICA:

8/16/17
Dated

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

By:  _____

MONICA P. FOLCH
SHARANYA MOHAN
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, NY 10007
Tel.:  (212) 637-2737/6559
Fax:  (212) 637-2786
Email:  monica.folch@usdoj.gov
          sharanya.mohan@usdoj.gov

8/9/17
Dated

_____

JEFFREY H. WOOD
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

33

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:


_____   _____
Dated                       ERIC SCHAAF
                            Regional Counsel
                            U.S. Environmental Protection Agency, Region 2

34

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

July 24th, 2017
_____
Dated

_____
GREGORY SULLIVAN
Director
Waste and Chemical Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency

FOR THE SETTLING ACCOLADE PARTIES:

7/27/17
Dated

IRA B. POLLACK
Ira B. Pollack & Associates, PLLC
118-35 Queens Blvd., 9th Floor
Forest Hills, NY 11375
Tel.: (718) 261-7700

7/27/17
Dated

ACCOLADE CONSTRUCTION GROUP INC.
By Faisal Ahmed, President
380 Canal Place
Bronx, New York 10451

7/27/17
Dated

FAISAL AHMED, in his personal capacity
380 Canal Place
Bronx, New York 10451

# Appendix A

## CHECKLIST FOR RENOVATIONS REGULATED BY THE LEAD RENOVATION, REPAIR, AND PAINTING (RRP) RULE

# CHECKLIST FOR RENOVATIONS
# REGULATED BY THE RRP RULE

**THE PURPOSE OF THIS FORM IS TO DOCUMENT COMPLIANCE WITH THE U.S. ENVIRONMENTAL PROTECTION AGENCY'S LEAD RENOVATION, REPAIR, AND PAINTING RULE ("RRP RULE"), 40 C.F.R. § 745.80, *et seq.*, OR ANY APPLICABLE U.S. EPA-AUTHORIZED STATE OR TRIBAL PROGRAM REGULATING LEAD-BASED PAINT SAFE WORK PRACTICES.**

## General Project Information:

Property Address: _____

                                                 City            State      Zip

Contractor/subcontractor firm name and certification number (copy of the firm certificate must be on file with the Defendants):

_____

Firm Name                                     Certification Number

Assigned certified renovator name & certification number (copy of training certificate must be available on the work site and attached to this checklist):

_____

Renovator Name                              Certification Number

Brief description of Renovation Project (include painted surfaces disturbed and estimated size):

```



```

Did the contractor/subcontractor obtain a written determination from a certified inspector or risk assessor that lead-based paint was not present on the components affected by the renovation?

____ **Yes and a copy of the determination is attached to this checklist. *(Form is COMPLETE. Sign Certification on last page.)***

____ **No** *(Continue to Next Section, "Lead Testing Information")*

# CHECKLIST FOR RENOVATIONS
# REGULATED BY THE RRP RULE

## LEAD TESTING INFORMATION:

Were EPA or applicable state recognized lead test kits used by certified renovator on each and every component (for example, each window to be replaced must be tested unless it is assumed to have lead-based paint) to determine whether lead was present on components affected by renovation?

___ Yes          ___ N/A

Identify workers and kits used and describe components tested, sampling locations and results below.  Follow the lead test kit directions completely when testing components.  Document paint chip sampling using the template on the following page and attach any laboratory results.

| Certified Renovator Name | Certification Number |
|---|---|
|  |  |
|  |  |
|  |  |

*Attach additional sheets as needed.*

| Test Kit Manufacturer and Model | Date of Testing | Component and Location Tested | Result |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*Attach additional sheets as needed.*

***Note -- Each window to be replaced must be tested unless it is assumed to have lead-based paint***

## CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

**General Information**
Name of Property Owner:_____
Address:_____
City:_____ State: _____ Zip code: _____ Contact #: (___) ____ - _____
Email: _____

**Renovation Information**
Renovation Address: _____ Unit #:_____
City: _____ State: _____ Zip code: _____
Certified Firm Name: _____
Address: _____
City: _____ State: _____ Zip code: _____ Contact #: (___) ____ - _____
Email: _____
Certified Renovator Name: _____
Date Certified _____ / _____ / _____

**For each sample collected, fill out all of the following information:**
Sample Identifier: _____
Sample Collector Name: _____
Sampling Location: _____
Sampling site description: _____ Date of Collection: ___/___/_____
Sample Dimensions (cm): _____ Calculate Sample Area (cm²):_____
*NLLAP-recognized entity and location: _____
Submission date: ___/___/___ Results: _____ Result Date: ___/___/_____

Attach additional sheets as necessary.
*National Lead Laboratory Accreditation Program

Was lead-based paint determined to be present on the components affected by the renovation?

___ **Yes** (*Continue to Next Section, "Notification, Work Practices, and Recordkeeping"*).

___ Presumed to be present on the components affected by the renovation (*Continue to Next Section, "Notification, Work Practices, and Recordkeeping"*).

___ **No** (*Form is COMPLETE, sign Certification on last page.*)

# CHECKLIST FOR RENOVATIONS
# REGULATED BY THE RRP RULE

## NOTIFICATION, WORK PRACTICES, AND RECORDKEEPING:

**(40 C.F.R. Parts §§ 745.84-745.86 or applicable state program)**

Please acknowledge one of the following:

☐ Signed and dated acknowledgments of receipt of the Renovate Right pamphlet from, as applicable: owners and, if not owner-occupied, adult occupants of dwelling units, owners of multi-unit housing for renovations in common areas; and owners and adult representatives of child-occupied facilities are attached to this checklist;

**OR**

☐ Certificates of mailing of the Renovate Right pamphlet to the following, as applicable: owners and, if not owner-occupied, adult occupants of dwelling units; owners of multi-unit housing for renovations in common areas; and owners and adult representatives of child-occupied facilities are attached to this checklist.

**OR**

☐ Certificates of attempted delivery of the Renovate Right pamphlet to adult occupants of dwelling units or adult representatives of child-occupied facilities are attached to this checklist.

Comments on pamphlet delivery (*i.e.*, obstacles encountered and how they were addressed):

_____

_____

_____

If the Renovation Project involved a common area of a multi-unit building, was a signed statement describing the steps performed to notify all occupants of multi-unit housing of the renovation activities, to provide the Renovate Right pamphlet to all occupants, and to inform of any changes to the renovation activities, obtained and attached?

___ **Yes**          ___ **N/A**

If the Renovation Project was performed in a child-occupied facility, was a signed statement describing the steps performed to notify all parents and guardians of children using child-occupied facilities of the renovation activities, to provide the Renovate Right pamphlet, and to provide a copy of the records showing compliance with the RRP Rule and any dust clearance sampling reports obtained and attached?

___ **Yes**          ___ **N/A**

Name(s) of dust sampling technician, inspector, or risk assessor, if used (attach copies of their certification to this checklist):

_____

_____

_____

# CHECKLIST FOR RENOVATIONS
# REGULATED BY THE RRP RULE

## NOTIFICATION, WORK PRACTICES, AND RECORDKEEPING:  continued

If applicable, certified renovator provided training to workers on (check all that apply):

☐ Posting warning signs            ☐ Setting up plastic containment barriers

☐ Maintaining containment          ☐ Avoiding spread of dust to adjacent areas

☐ Waste handling                   ☐ Post-renovation cleaning


List Names of workers trained (attach a copy of any records documenting which elements were taught to each worker):

_____

_____

_____

_____


Renovator posted signs defining work area to keep others out of renovation work area.  Warning signs were posted at entrance to work area.

____ Yes            ____ N/A


Work area contained to prevent spread of dust and debris? (Check all that apply)

(INTERIOR)

☐ All objects in the work area were removed or covered (interiors).

☐ HVAC ducts in the work area were closed and covered (interiors).

☐ Windows and doors in the work area were closed and sealed (interiors).

☐ Floor surfaces covered by plastic extending 6 feet from work area (interiors).

☐ Doors in the work area were closed and sealed (interiors).

☐ Doors that must be used in the work area were covered to allow passage but prevent spread of dust (interiors).

☐ Floors in the work area were covered with taped-down plastic (interiors).

(EXTERIOR)

☐ Windows in and within 20 feet of the work area were closed (exteriors).

☐ Doors in and within 20 feet of the work area were closed and sealed (exteriors).

☐ Ground was covered by plastic extending 10 feet from work area - plastic anchored to building and weighed down by heavy objects (exteriors).

☐ If necessary, vertical containment was installed if property line prevents 10 feet of plastic ground cover, or if necessary to prevent migration of dust and debris to adjacent property (exteriors).

## CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

### NOTIFICATION, WORK PRACTICES, AND RECORDKEEPING: continued

**Please acknowledge the following if applicable:**

None of the prohibited and restricted work practices was employed.

___ Yes          ___ N/A

Waste was contained on-site and while being transported off-site.

___ Yes          ___ N/A

Work site was properly cleaned after renovation:

___ Yes          ___ N/A

☐ All chips and debris were picked up, protective sheeting misted, folded dirty side inward, and taped for removal;

☐ Plastic sheeting misted, folded dirty side inward, and taped for removal; and

☐ Work area surfaces, walls, and objects were cleaned using HEPA vacuum and/or wet-cloths or mops (interiors).

Certified renovator performed post-renovation cleaning verification. Describe results, including the number of wet and dry cloths used:

_____
_____
_____
_____
_____

### OR

If dust clearance testing was performed instead of cleaning verification, the sample results were below clearance standards and a copy of the report was provided to property owners and, if not owner-occupied, adult occupants of residential dwellings or adult representatives of child-occupied facilities and posted in common areas of any multi-unit housing. A copy of the results is attached to this checklist.

___ Yes          ___ N/A

If the renovation is an emergency renovation under the RRP Rule, describe the nature of the emergency and document the provisions of the RRP Rule that were not followed:

_____
_____
_____
_____
_____

## CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

### *CONTRACTOR/SUBCONTRACTOR CERTIFICATION*

*I, the undersigned contractor/subcontractor, certify under penalty of law that the above information is true and complete, and do hereby certify that I have complied with all requirements of the Lead Renovation, Repair, and Painting Rule ("RRP Rule"), 40 C.F.R. § 745.80, et seq., and/or any applicable state laws or program regulating lead-based paint safe work practices, including compliance with all information distribution, notice requirements and work practice standards in performing this Renovation Project. I certify that I have provided the occupants (if any) of the Property to be Renovated, with all documentation required to be supplied under the RRP Rule and/or state program, shall retain all records required by law for at least 3 years or longer if required by state law, and shall provide copies to EPA of all the records required to be retained by the RRP Rule or applicable state program upon request. I have provided the Defendants with a completed copy of this Renovation Recordkeeping Checklist and all associated documentation to support its contents.*

_____        _____

**Contractor/subcontractor Name and Title**        **Date**

_____        _____

**Signature of Authorized Officer**        **Date**

_____

**Print Name of Authorized Officer**

_____

**Title**